UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL J. DAVIS, SR.,<br>　　　Plaintiff,<br><br>　　　v.<br><br>ESSEX COUNTY CORRECTIONAL<br>FACILITY, ET AL.,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)　　C.A. No. 09-12189-JLT<br>)<br>)<br>) |

MEMORANDUM AND ORDER

TAURO, D.J.

　　　On March 10, 2010, a Memorandum and Order (Docket No. 5) issued directing Plaintiff Michael Joseph Davis ("Davis") to pay the $350.00 filing fee within 21 days or to file a renewed *in forma pauperis* request along with a certified prison account statement as required by 28 U.S.C. § 1915(a).  Davis was also directed to demonstrate good cause why this action should not be dismissed, or in the alternative, file an Amended Complaint curing the pleading deficiencies, within 42 days from the date of the Memorandum and Order.

　　　Because Davis appeared to have been transferred to other prison facilities and his whereabouts were not clear, the clerk mailed copies of the Memorandum and Order to Davis at three different facilities (*i.e.,* the Essex County Correctional Facility ("ECCF"), the Plymouth County Correctional Facility ("PCCF"), and the Billerica House of Correction ("BHC")).

　　　On March 15, 2010, the mail sent to PCCF was returned as undeliverable, with the notation that Davis was "not here."  On March 24, 2010, the mail sent to Davis at ECCF also was returned as undeliverable.  Subsequently, on March 31, 2010, the mail sent to Davis at BHC was returned as undeliverable.

　　　To date, Davis has failed to pay the filing fee or file a renewed *in forma pauperis* request

with his prison account statement for the six-month period preceding the filing of the Complaint, as directed. He also failed to file any show cause Response or an Amended Complaint in compliance with the Memorandum and Order, and the time period for doing so has expired.

Notwithstanding the apparent lack of actual notice to Davis of the Memorandum and Order, this Court deems Davis to have had due notice of the directives of this Court. As previously noted in the Memorandum and Order (Docket No. 5), the Court's Local Rules require a litigant to advise of any change of address in order to receive notice of rulings. See United States District Court for the District of Massachusetts Local Rule 83.5.2(e).[1] Davis has failed to notify this Court of any change of address and thus the clerk's mailing of the Memorandum and Order to him at PCCF, ECCF and BHC (his last known addresses) is sufficient to invoke application of Local Rule 83.5.2(e).

Accordingly, in accordance with Local Rule 83.5(2)(e), this Court deems that Davis had due notice of the directives contained in the Memorandum and Order (Docket No. 5), and the failure to comply with these directives constitutes grounds for dismissal.

CONCLUSION

Based on the foregoing, and for the reasons set forth in the Memorandum and Order (Docket No. 11) outlining the various legal impediments to Davis's claims, it is hereby Ordered

---

[1]Local Rule 83.5.2(e) provides: "Change of Address. Each attorney appearing and each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number. Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of a failure to mail delivery." Id.

that the above-captioned matter is DISMISSED in its entirety.


SO ORDERED.


April 26, 2010                    /s/ Joseph L. Tauro
DATE                              JOSEPH L. TAURO
                                  UNITED STATES DISTRICT JUDGE